*Fairfield,*
June,
1823.

Botsford
*v.*
Morehouse.

———○◆○———

STEWART *aganst* The Inhabitants of the town of SHERMAN.

| 4 | 553 |
|---|---|
| 66 | 139 |

The mere fact that *A.* was instrumental in procuring *B.*, who was abroad, to return to the town in which he had a legal settlement, for the purpose of compelling such town to support him, implies no fraud on the part of *A.*

Where it appeared, in an action brought by *A.* against the town of *S.*, for support furnished to *B.*, alleged to be a pauper of that town, that *B.* was without his own knowledge, the proprietor of a promissory note for 96 dollars, against a person able to make payment, which note, during the period of furnishing support, was in the hands of *A.*; it was held, that while this property continued vested in *B.*, he could not be a pauper, with a claim upon the town for support, by virtue of his settlement; and it was the duty of the judge so to instruct the jury, and to direct them, upon these facts, to find a verdict for the town.

This was an action of *assumpsit* for services rendered, and money expended, by the plaintiff, for the support of one *Elihu Wright*, alleged to be an inhabitant of the town of *Sherman*, and a poor and impotent person, and incapable, through infirmity, of supporting himself.

The cause was tried, on the general issue, at *Fairfield, December* term, 1822, before *Chapman*, J.

*Wright*, who was a brother-in-law of the plaintiff, was born in the town of *Sherman*; and it did not appear, that he had gained a settlement elsewhere. The defendants offered evidence to prove, that he had been many years absent from the town of *Sherman*; and that the plaintiff went after him,

*Fairfield,*
June,
1823.

Stewart
*v.*
Sherman.

and persuaded him to return, for the purpose of compelling the town to support him. They, therefore, claimed, that the judge should charge the jury, that if the plaintiff was instrumental in procuring the pauper to be brought into the town, it was a fraudulent act, and would bar the plaintiff of a recovery. The plaintiff offered evidence to prove, that the pauper was destitute of common understanding ; and that he found him in another state, in absolute poverty and distress ; and that, though he persuaded him to return, and was instrumental in his doing so, it could not be a fraud on the town. The judge omitted to give any charge to the jury on that point.

The defendants proved, that during the absence of *Wright,* he became entitled, by the decease of his mother, to some personal property, which was sold, without his knowledge, and a note taken, in his name, for 96 dollars, against one *Sylvanus Stewart,* a man of property, and able to pay it ; and that this note, during the whole of the time that *Wright* was supported by the plaintiff, was in the plaintiff's hands. The defendants, therefore, prayed the judge to instruct the jury, that under these circumstances, *Wright* was not a pauper, and that the town was not bound to support him. The defendants further claimed, that the town had never contracted with the plaintiff to furnish any support to *Wright ;* and that, without a special contract for that purpose, the town could not be liable for his support. The judge charged the jury as follows : " To support this declaration, it is not necessary to prove a previous special request, by the town, to furnish the support, or any special promise to pay for it. It will be sufficient to prove, that *Wright* was a pauper, and had a settlement in the town of *Sherman ;* that he was in necessitous circumstances, and needed support ; and that the select-men of the town, before the support was furnished, had notice of the fact, and refused to afford relief. This will be tantamount to a previous special request. It is not necessary to constitute a pauper, that he should be absolutely destitute of property : he must be poor, and in necessitous circumstances."

The plaintiff obtained a verdict ; and the defendants moved for a new trial for a misdirection.

*N. Smith* and *Sherman,* in support of the motion, contended, 1. That the town of *Sherman* was not liable to the

plaintiff, because he fraudulently brought the pauper into the place.

2. That the plaintiff, having in his hands a fund of nearly 100 dollars belonging to the person claimed to be a pauper, could demand nothing of the town for his support, until *that* was expended.

*D. S. Boardman,* contra, contended, 1. That the case disclosed no fraud on the part of the plaintiff. If *Wright* was not a pauper, when the plaintiff found him, it was no injury to the town to bring him home : if he was a pauper, it was the duty of the town to support him ; and they could certainly support him as conveniently, and at as little expense, at home as abroad.

2. That the existence of the note against *Sylvanus Stewart,* situated as it was, did not preclude the impossibility of *Wright's* being in needy circumstances ; and if he could be, the question, whether he was in fact so, was properly submitted to the jury, and their finding is decisive. At any rate, the plaintiff is entitled to recover the balance of his account, after deducting the amount of the note.

HOSMER, Ch. J. The defendant, in the first place, contends, that *Elihu Wright,* the supposed pauper, having been induced to return from a neighbouring state, to the town of *Sherman,* by the persuasions of the plaintiff, the act was fraudulent, and a legal bar to his recovery.

From the motion, it appears, that *Wright* had been many years absent ; and that the plaintiff, his brother-in-law, went after him, and persuaded him to return, for the purpose of compelling the town to support him. These facts, considered abstractedly, imply no fraud, nor any thing incompatible with fair, upright, honourable conduct. The judge could not charge the jury, that if the plaintiff was instrumental in procuring *Wright* to return, it was a fraudulent act ; for this, which was the only fact in evidence, did not tend, in the slightest degree, to evince a fraud. It is perfectly compatible with the evidence adduced, that *Wright* was destitute of common understanding, and residing, within another state, in absolute poverty and distress ; and under these circumstances, it was the duty of the town to support him, and a laudable act in the plaintiff to procure his return.

HARVARD LAW LIBRARY

*Fairfield,*
*June,*
*1823.*

Stewart
*v.*
Sherman.

The declaration alleges, what it was indispensible to prove, that *Wright* was poor, impotent, and incapable, through infirmity, of supporting himself. If he were not a pauper, the duty of furnishing him maintenance never devolved on the town of *Sherman ;* and the law will not imply a contract, on their part, to pay the plaintiff for his support. It is an admitted fact, that there existed a promissory note for ninety-six dollars, made to the plaintiff, by one *Sylvanus Stewart,* who was able to make payment of it ; and that, during the whole time of the support furnished by the plaintiff, this note was in his possession. How can it be said, that *Wright* was poor, and unable to support himself? The money should have been collected, and when exhausted, if the town would not furnish the necessary support, the plaintiff then might have done it, and sustained his action against the defendants for his advancements. It is no sufficient reply, that *Wright* had no knowledge of the existence of the note. His want of information did not reduce him to pauperism ; nor, whatever was the plaintiff's motive for suppressing information of the fact, is it true, that *Wright* was poor, impotent, and incapable of supporting himslef? He was the owner of a fund, which, at any moment, might have been realized, and the only preventive of which, undoubtedly, was, the voluntary omission, or culpable neglect, of the plaintiff. If due information had been communicated to *Wright,* it is a reasonable presumption, that he would have enjoined the collection of the note ; and if he had refused, the plaintiff would have known, that he was not a pauper, and that it was not the duty of the town to support him. The plaintiff has insisted, that the amount of the note being first deducted from his claim, and all the property of *Wright* being thus exhausted, he, of right, may recover the balance. To this the answer is conclusive, that until the exhaustion of the fund, *Wright* cannot be considered as a pauper ; and of consequence, there was no obligation on the town to furnish him a maintenance. The necesssary character, which constitutes a condition precedent to the duty of support by the defendants, has never existed ; and until the happening of this fact, the law will never imply an assumption of the defendants to pay the plaintiff for supplies furnished. If the property of *Wright* had consisted of an acre of ground, of equivalent value with the above-mentioned note, the case would not be less favourable than the present. Should he insist upon the

retention of the land, the support furnished by the plaintiff, must be on his personal credit, and not on the credit of the town: and as long as the property continued vested in *Wright*, so long he would not be a pauper, with a claim for support by virtue of his settlement, unless the exigencies of his case demanded more than he had the means of procuring. These principles should have been communicated to the jury, with the direction, upon the facts conceded, to find a verdict for the defendants. The charge of the judge, perhaps, contains no incorrect principles; but it was defective in omitting to instruct them as to the legal consequences resulting from the fund, of which the supposed pauper was possessed. Hence, the plaintiff obtained a verdict, when the case was manifestly in favour of the defendants.

PETERS, BRAINARD and BRISTOL, Js. were of the same opinion.

CHAPMAN J. dissented.

New trial to be granted.