JOHN T. PETERS *vs.* TOWN OF LITCHFIELD.

A person who has a small life interest in real estate, which is not sufficient for his support, and who is unable to make up the deficiency by his own labor, is nevertheless not entitled to support as a pauper, so long as the property remains unexpended.

ASSUMPSIT, to recover for supplies furnished to one Anna Peters, claimed to be a pauper ; brought to the superior court in Litchfield county, and tried on the general issue closed to the court before *Pardee, J.*

It appeared that the person claimed to be a pauper possessed a dower estate in a small quantity of land and was entitled to the life use of certain other real estate, the annual income or value of which was found by the court to be insufficient for her support, and that she had no other property and

was unable to supply the deficiency by her own labor. It also appeared that in a deed given by her husband in his life time to one Rogers and wife, a reservation had been made for the benefit of himself and his wife, under which she was to have the privilege of living in the house on the premises after his death, and to be provided with the comforts and necessaries of life.

The court rendered judgment for the defendants, and the plaintiff moved for a new trial.

*Graves* and *Andrews*, in support of the motion.

*G. C. Woodruff* and *G. M. Woodruff*, contra.

PARK, J. It is manifest that Anna Peters was not a pauper, in the legal sense of the word, during the time that the plaintiff furnished the support in question. During all that time she was the owner of a dower interest in the estate of her late husband, and had other valuable property belonging to her. She could not be a pauper so long as this property remained unexpended. The law on this subject is well settled. *Stewart* v. *Sherman*, 4 Conn., 553 ; 5 id., 244 ; 1 Swift Dig., (Rev. ed.,) 419.

It further appears from the motion, that some person or persons are bound to support Anna Peters, as appears from the deed from Eber Peters to William Rogers and wife, and we are asked to give a construction to that deed and determine the matter so far as the plaintiff is concerned ; but, inasmuch as a controversy may hereafter arise in relation to that instrument, and all the parties are not now before the court, we deem it unadvisable to comply with the request.

A new trial is not advised.

In this opinion the other judges concurred.