THE CITY OF PORT WASHINGTON vs. THE TOWN OF SAUKVILLE.

*February 6 — March 3, 1885.*

*Paupers: Gaining settlement: Support.*

A finding that a family of eight persons were not supported *as paupers* in the plaintiff city at any time within one year after their first residence therein, is *held* to be supported by the evidence, although on one occasion during that time the city furnished to them groceries to the amount of $1.67, it appearing, among other things, that for nearly a year thereafter they supported themselves without asking or receiving aid. Such family, therefore, gained a settlement in the city, under subd. 4, sec. 1500, R. S.

APPEAL from the Circuit Court for *Ozaukee* County.

The plaintiff appealed from a judgment in favor of the defendant. The facts will sufficiently appear from the opinion.

*D. M. Jackson,* attorney, and *W. J. Turner,* of counsel, for the appellant, to the point that the poor persons in question did not acquire a settlement in the plaintiff city, cited *Town of Scott v. Town of Clayton,* 51 Wis. 185; *S. C.* 54 id. 499; *Foxcroft v. Corinth,* 61 Me. 559; 13 Met. 192; 3 id. 428; 21 Pick. 233; *Davis v. Town of Scott,* 59 Wis. 604; *Wallingford v. Southington,* 16 Conn. 431; *Lewiston v. Harrison,* 69 Me. 507; *Walden v. Cabot,* 25 Vt. 522; *Weston v.*

The City of Port Washington vs. The Town of Saukville.

*Wallingford,* 52 id. 630; *Detroit v. Palmyra,* 72 Me. 256; *Beaver v. Rose,* 98 Pa. St. 636; 11 Pick. 540; 124 Mass. 597; *Hutchings v. Thompson,* 10 Cush. 241.

For the respondent there was a brief by *Pors & Herdegen,* and oral argument by *Mr. Pors.*

TAYLOR, J.  This action was brought to recover the value of provisions and other necessaries furnished by the city to certain persons while residing in said city and alleged to have been paupers.  The claim made by the city was that the legal settlement of such paupers was in the town of *Saukville,* although they actually resided in said city when the necessaries were furnished.  The facts in the case in regard to the residence of the persons to whom the necessaries were furnished, are as follows:  For fifteen years previous to the 3d day of October, 1881, the husband, wife, and children to whom the necessaries were furnished by the city, had a home and resided in the town of *Saukville.* On that day they moved to a part of the town of Port Washington, now included in the city of *Port Washington,* and have ever since resided in said town and city.  Previous to the date of their removal they had supported themselves, were not paupers, and never had received any aid from the town of *Saukville,* or from the county of Ozaukee.  On the 7th of August, 1882, the city of *Port Washington* furnished the husband of the family with a little lard, butter, coffee, and bacon, the whole value of which was $1.67.  The city furnished no further aid, nor was it called upon to furnish any further aid, to any of the family until June 15, 1883, when the city again furnished aid to the family, and continued to furnish quite regularly down to the latter part of January, 1884, furnishing in all necessaries to the value of $65.07, including the $1.67 furnished in 1882.  The first notice given by the city authorities of *Port Washington* to the supervisors of the town of *Saukville* that the city had fur-

nished any support to such family, was about the 1st of December, 1883.

The defense of the town was (1) that the poor persons aided by the city had lost their settlement in said town of *Saukville*, under the provisions of subd. 7, sec. 1500, R. S.; and (2) that the county system for the support of the poor had been established in said county of Ozaukee, and consequently there was no liability on the part of the town to support such poor persons, although they might have had a legal settlement in said town when the aid was furnished.

The case was tried by the court without a jury, and after hearing the evidence the circuit judge found, among other things, the following facts: ".That Wucher [the husband] and his family have, and each one of them has, been voluntarily and uninterruptedly absent from said town of *Saukville* ever since the 3d day of October, 1881; that said Wucher was not, nor was his family, or any member thereof, supported as a pauper in said city of *Port Washington*, or in the said town of Port Washington, or anywhere, between the said 3d day of October, 1881, and the 14th day of June, 1883, but that thereafter he received support in and from the plaintiff city as a pauper; that the said Wucher and his said family, the said Wucher and his wife being persons of full age, gained a legal settlement in said city of *Port Washington* on the 8th of March, 1883."

There were various other findings made by the court upon the issue as to whether the county system for the support of the poor had been lawfully established in said county, but as the circuit judge did not determine whether such system was so established, but placed his judgment upon the fact that the poor persons who had been assisted by said city as paupers had not at the time such assistance was given a legal settlement in said town of *Saukville*, it will not be necessary to pass upon that question upon this appeal.

Subd. 7, sec. 1500, R. S., reads as follows: "Every settle-

ment, when once legally acquired, shall continue until it be lost or defeated by acquiring a new one in this state, or by voluntary and uninterrupted absence from the town in which such settlement shall have been gained, for one whole year or upward; and upon acquiring a new settlement, or upon the happening of such voluntary and uninterrupted absence, all former settlements shall be defeated and lost."

That the persons aided by the city had acquired a legal settlement in the town of *Saukville* on and previous to the 3d day of October, 1881, is not disputed 'by the respondent, nor is there any dispute that such persons had been voluntarily and uninterruptedly absent from said town of *Saukville* for more than one year before this action was commenced, and also before any aid or support had been given to them by the city of *Port Washington*, except the $1.67 furnished on August 7, 1882, and before any notice had been given by the city authorities to the supervisors of said town, informing them that they were furnishing support to said persons as paupers, and requiring said supervisors to take charge of such poor persons as required by sec. 1513, R. S.

It is very clear, upon this state of facts, that these poor persons lost their settlement in said town of *Saukville*, and had gained a settlement in the city of *Port Washington*, long before the aid which was furnished to them on and after June 15, 1883, unless furnishing the $1.67 worth of groceries on August 7, 1882, prevented their acquiring a settlement in said city. Whether the furnishing $1.67 worth of groceries to these persons on August 7, 1882, prevented their acquiring a settlement in the city of *Port Washington*, and was such an interruption of their voluntary absence from said town of *Saukville* as to prevent a loss of their settlement in said town, depends on the question whether such aid amounted to supporting them as paupers in said city during the year after the commencement of their residence in said city. Subd. 4 of said sec. 1500

reads as follows: "Every person of full age, who shall have resided in any town in this state one whole year, shall thereby gain a settlement in such town; but no residence of a person in any town, while supported therein *as a pauper*, shall operate to give such person a settlement in such town."

In the case of *Town of Scott v. Town of Clayton*, 51 Wis. 185, 189, this court held that it was in all cases a question of fact, when any temporary support was given to a poor person, whether such poor person was, at the time of the support so furnished, a pauper within the meaning of the statute. In the case at bar, the learned circuit judge found as a fact that Wucher and his family were not supported as paupers within the city of *Port Washington* at any time within one year after their first residence therein. We think this finding is fully supported by the evidence. The only particle of evidence upon which a different finding could possibly be based, is the one fact that on August 7, 1882, when the family had been sick, the city furnished the very small amount of groceries mentioned. The family consisted of the father, mother, and six children. For nearly a year after this poor family of eight persons had been furnished with $1.67 worth of groceries they supported themselves, and at no time previous to August 7, 1882, had they ever asked for or received any aid from town or county. We think, upon that state of the evidence, the learned circuit judge was justified in finding that they were not supported as paupers in the city of *Port Washington*, or in any other place, until on and after the 15th of June, 1883. This conclusion is strengthened by the fact that the city authorities could not at the time have understood that they were supporting a family of paupers whose legal settlement was in the town of *Saukville*, otherwise they would have notified the supervisors of such town of the fact, and requested them to provide for their support in the future.

The evidence on the trial having established the fact that

the poor persons whom the city now claims have a legal resi-
dence in the town of *Saukville* resided in said city for more
than one year previous to their being supported therein as
paupers, they gained a settlement in said city, and lost their
settlement in said town of *Saukville.* Said town was not,
therefore, liable to the city for their support, and the judg-
ment of the circuit court so finding is correct.

The cases cited by the learned counsel for the appellant
from the courts of Connecticut, Vermont, Maine, Massachu-
setts, and Pennsylvania, are not in conflict with our views as
above stated. In all the cases it is admitted that where sup-
port has been given to the alleged paupers during the run-
ning of the time within which they would otherwise have
gained a settlement, it is a question of fact whether the per-
sons to whom the support was given were in fact paupers at
the time, needing the support furnished. But in addition to
that, the laws of the several states upon the subject are dif-
ferent from the law of this state. In the state of Maine the
language of the law is that there must be a residence of five
years " without receiving, directly or indirectly, supplies as
a pauper therein;" and under this law it is held to be a
question of fact, to be determined in all cases, whether the
supplies were received by the poor person as a pauper.

*By the Court.*— The judgment of the circuit court is
affirmed.