Town of Holland, Appellant, vs. Town of Belgium, Respondent.

*September 22 — October 12, 1886.*

*Who are paupers?*

1. The question whether a person was, at the time support was furnished to him, a pauper within the meaning of the statute, is a question of fact.

2. The finding of a referee that a person was not a pauper needing relief at a certain time, is *held* to be sustained by the evidence, showing, among other things, that he had not called upon the town for aid, and that, though in very straitened circumstances, he had some money and property which, with the aid of relatives, had enabled him to support himself and his family up to that time, and which also enabled him to support his family for some time thereafter.

APPEAL from the Circuit Court for *Ozaukee* County.

The facts are sufficiently stated in the opinion.

The cause was submitted for the appellant on the brief of *Seaman & Williams,* and for the respondent on that of *Pors & Hedding.*

For the appellant it was contended, *inter alia,* that the obligation of towns under sec. 1499, R. S., to aid " poor and indigent persons" was imperative. *Meyer v. Prairie du Chien,* 9 Wis. 234; *Westfield v. Sauk Co.* 18 id. 624; *Mappes v. Iowa Co.* 47 id. 31; *McCaffrey v. Shields,* 54 id. 645. As to what constitutes a pauper, see Abbott's Law Dict.; *Wallbridge v. Wallbridge,* 46 Vt. 617; *Lewiston v. Harrison,* 69 Me. 504; *Linneus v. Sidney,* 70 id. 114; *Fryeburg v. Brown-*

*field,* 68 id. 145; *Sturbridge v. Holland,* 11 Pick. 459; *Huston v. Thompson,* 10 Cush. 238; *New Bedford v. Chace,* 5 Gray, 28; *Fiske v. Lincoln,* 19 Pick. 473; *Jasper Co. v. Osborn,* 59 Iowa, 208. It is not necessary that aid be applied for to make its extension a duty. *Corinna v. Exeter,* 13 Me. 321; *Moltonborough v. Tuftonborough,* 43 N. H. 316. Under the circumstances of this case the aid was properly given. *Poplin v. Hawke,* 8 N. H. 305; *Wallingford v. Southington,* 16 Conn. 431; *Jasper Co. v. Osborn,* 59 Iowa, 208; *Norridgewock v. Solon,* 49 Me. 385; *Fiske v. Lincoln,* 19 Pick. 473. The trial court failed to make any finding upon the actual issue, viz., the necessity for aid arising from the death of the wife and the helpless condition of the others. Becker alleged his inability to give his wife a decent burial. This was at least tantamount to a refusal to furnish the means, and the duty therefore devolved upon the town without regard to the question of his ability in fact. See *Hanover v. Turner,* 14 Mass. 227; *New Bedford v. Chace,* 5 Gray, 28; *Mappes v. Iowa Co.* 47 Wis. 31.

TAYLOR, J. This is an action to recover for money expended by the appellant town for furnishing a coffin of the value of $14 for the deceased wife of John Becker, and for groceries of the value of $2 furnished to him or his family, who is alleged to have been a pauper living in the said town of *Holland,* who had no legal settlement in said town, but whose legal settlement was in the respondent town of *Belgium.*

The action was tried by a referee, who found, among other things, "that John Becker was not a poor and indigent person; and did not stand in need of relief or of these articles [referring to the coffin and groceries mentioned] when so furnished by the said town [meaning the town of *Holland*]." To this finding of fact there was an exception by the appellant. The right of the appellant to

Town of Holland vs. Town of Belgium.

demand a reversal of the judgment entered in the case depends upon the question whether this finding is supported by the evidence.

After a careful reading of the evidence, it appears to us that the evidence supports the finding. The evidence on the part of the appellant does not show that John Becker, or any of his family, called upon the town authorities for aid at the time when the aid was furnished, although it does show the family of Becker was in very straitened circumstances, and in a most helpless condition, after the death of the wife and mother, so far as to their personal ability to provide a support for themselves by the personal labor of Becker and his children. But, notwithstanding this apparently helpless condition of the family, the evidence on the part of the defendant shows that Becker had some money and real and personal property, which had enabled him, with the aid of some of his relations, to support himself and family up to the time when the town of *Holland* furnished the articles above mentioned, and which enabled him to support his family for some considerable time thereafter without the aid of the town. It also appears that, so far as the coffin is concerned, it is highly probable that it would have been furnished by the benevolent society which did in fact pay all the other expenses of her funeral.

This court held, in the case of *Scott v. Clayton*, 51 Wis. 185, 189, and in *Port Washington v. Saukville*, 62 Wis. 454, 458, "that it was in all cases a question of fact, when any temporary support was given to a poor person, whether such person was, at the time the support was so furnished, a pauper within the meaning of the statute." This rule is especially applicable to the case of one town furnishing such temporary support, and then attempting to charge such support to some other town in which it is claimed the poor persons have a legal settlement, and when the legal settlement in the town where the support is furnished is

claimed to be defeated by the fact that such support was furnished within one year after the commencement of the residence of such poor person in such town, under the provisions of the statute which provides that "every person of full age, who shall have resided in any town in this state one whole year, shall thereby gain a settlement in such town; but no such residence of a person in any town, while supported therein as a pauper, shall operate to give such person a settlement in such town." Subd. 4, sec. 1500, R. S.

In the case of *Scott v. Clayton, supra*, this court held that if a person residing in any town received support as a pauper at any time within one year from the commencement of his residence in such town, it defeated his settlement in such town under the provisions of the statute above quoted; and in such case his legal settlement would remain in the place where he had theretofore obtained a legal settlement, if he had any such legal settlement within the state. Important results may depend upon the question whether the support furnished by the plaintiff town in this case, within the year after the commencement of the residence of Becker and his family in such town, was furnished to Becker as a pauper, within the meaning of the statute.

What was said by this court in the case of *Port Washington v. Saukville, supra*, upon the question as to whether the person aided was a pauper within the meaning of the statute, is applicable to the case at bar. The question of fact was decided by the referee, and affirmed by the circuit court, against the plaintiff town; and, as said above, we think the finding is supported by the evidence. The following cases cited by the learned counsel for the respondent clearly sustain the finding of the court in this case: *Stewart v. Sherman*, 4 Conn. 553; *S. C.* 5 Conn. 246; *Peters v. Litchfield*, 34 Conn. 264.

*By the Court.* — The judgment of the circuit court is affirmed.