GREEN LAKE COUNTY, Respondent, vs. TOWN OF LEON,
Appellant.

*April 7—May 11, 1926.*

*Paupers: Residence: Relief furnished by city to resident of town:
Substantial compliance with requirements of law: Evidence:
Sufficiency.*

1. In an action by a county against a town in another county to
recover for the support of a pauper, the evidence is *held*
sufficient to sustain a finding that the pauper had gained a
settlement in the defendant town prior to her removal to
the plaintiff county and had never gained a settlement in
the latter. p. 168.
2. Substantial compliance with the requirements of law relative
to proceedings to charge a town for support furnished by
a city is sufficient. p. 168.

APPEAL from a judgment of the circuit court for Waushara county: BYRON B. PARK, Circuit Judge. *Affirmed.*

This is an appeal from a judgment for support to a pauper, Anna E. Rockafellow.

Action was begun by summons and complaint against the defendant town of *Leon,* Waushara county, for the support of Anna E. Rockafellow, claimed to be a resident of said town of *Leon.* The plaintiff had judgment and the defendant appeals.

*E. F. Kileen* of Wautoma, for the appellant.

*G. E. Ostrander* of Princeton, district attorney of Green Lake county, for the respondent.

CROWNHART, J. It is the contention of the appellant that Anna E. Rockafellow did not have a settlement in the appellant town, but that her settlement was in fact in the city of Beaver Dam. The court found that Anna E. Rockafellow's legal settlement was in the town of *Leon,* county of

Waushara, and that she removed to the city of Berlin in the respondent county, but did not gain a settlement therein; that while in the city of Berlin she applied for poor relief, which was necessarily furnished by the county of *Green Lake,* and that the county of *Green Lake* made proper claim therefor against the town of *Leon,* Waushara county. Appellant takes exception to these findings.

It appears that Anna E. Rockafellow, her sister, Lydia Ellen White, and her brother, David Rockafellow, with his wife, Myra, were all residents of Beaver Dam, Dodge county, prior to December 10, 1919, and had their legal settlement therein. At that time Anna E. Rockafellow was seventy-seven years of age, in very feeble health and feeble in mind. David Rockafellow was seventy-two, and his wife about forty-eight. Lydia White was a widow, also an old lady, whose age does not definitely appear.

On August 21, 1919, David Rockafellow and his wife, upon sufficient consideration, entered into an agreement to support Lydia White and Anna E. Rockafellow for the rest of their lives. Thereafter, on the 10th of December, 1919, they all removed to the town of *Leon,* Waushara county, upon a farm which David Rockafellow had purchased. They continued to reside on the farm until June 13, 1921, when Anna Rockafellow and her sister, Lydia White, removed to the city of Berlin, *Green Lake County.* Prior to the removal of the two sisters to the city of Berlin, the contract which had theretofore been made between them and their brother, David, had been rescinded and part of the consideration therefor returned to the sisters. The two sisters resided in a rented house in Berlin, the rent seeming to have been paid by a "soldier brother." On April 11, 1921, Anna Rockafellow applied to the city of Berlin for poor aid, and at that time became a pauper. She was destitute and entitled to support, which was given her by

the city of Berlin.  Thereafter steps were duly taken by the city of Berlin and *Green Lake County* to charge the town of *Leon* for her support.

While residing in the town of *Leon,* and on May 1, 1920, David Rockafellow made demand upon the chairman of the town of *Leon* for support for Anna Rockafellow, saying that he could not support her any longer.  He did not disclose to the chairman of the town his contract relation with Anna Rockafellow, and the town, without investigation or any written application, paid David or his wife $25 toward the support of Anna Rockafellow for two months ending July 15, 1920.  Anna Rockafellow did not know of the application of David for such support at the time the application was made.  At the time such support was furnished by the town of *Leon,* Anna E. Rockafellow was not a pauper entitled to such support.  She then had a contract with her brother, David, for her support, and she had $200 in cash in her possession, which she had agreed to turn over to David as consideration for said contract, but which she had failed to pay to him.

The court found as facts that Anna E. Rockafellow had lived in the town of *Leon* for more than one year prior to her removal to the city of Berlin; that she was not a pauper while she so resided therein; that she had gained a settlement in said town of *Leon;* and had never gained a settlement in the city of Berlin.  These findings of the circuit court seemed to be fairly sustained by the evidence.  The court further found that all the necessary proceedings had been taken to charge the town of *Leon* for the support furnished by the city of Berlin.  It appears that there was not a technical compliance with all the requirements of law, but these requirements were substantially complied with; that the town of *Leon* was in no wise misled; and we agree with the circuit court that they were sufficient to entitle the plaintiff to recover.  Upon a review of the entire case the

errors complained of do not appear to have affected the sub-
stantial rights of the appellant.    Sec. 3072*m,* now sec.
274.37, Stats.

*By the Court.*—The judgment of the circuit court is
affirmed.