Town of Rolling and another, Appellants, vs. City of Antigo, Respondent.

*March 7—April 11, 1933.*

*James R. Durfee* of Antigo, for the appellants.
*Gustav Winter* of Antigo, for the respondent.

ROSENBERRY, C. J.   The determination of the controversy in this case depends upon the interpretation of sec. 49.02, Stats., as follows:

*"Legal settlements.*   (4) Every person of full age who shall have resided in any town, village, or city in this state one whole year shall thereby gain a settlement therein; but no residence of a person in any town, village, or city while supported therein as a pauper, shall operate to give such person a settlement therein."

In this as in every other case involving the construction of a statute, one of the principal considerations is the object and purpose of the enactment.   The statute in question is designed to fasten liability for support of a citizen who falls below the level of subsistence, upon the political subdivision in which he has his settlement at the time when he becomes dependent.   If a person has had his productive years in one political subdivision or is on the way to a recovery to become self-supporting, it is no more than just and proper that the community in which he has lived should bear the burden resulting from his misfortune or incapacity.   The statute in question was designed to prevent one municipality from shifting this burden upon another, and the test set up for the acquirement of a settlement by a person who is receiving aid is for the purpose of determining which municipality shall be liable.

It requires no extended exposition to show that the same amount of relief might have an entirely different legal consequence depending upon the status of the person to whom it was furnished. It is not difficult to imagine that a very wealthy man, suffering from amnesia or some similar ailment, might be injured on the streets of a strange city and be accorded relief from the public treasury during the period of his disability. No one would say that such a person was a pauper merely because relief had been extended. On the other hand, there are in every community persons who exemplify the biblical adage, "For ye have the poor with you always," who are now above and now below the level of subsistence, that is, their status. They are never perhaps wholly dependent and never wholly self-supporting. If in the natural course of events, not as a result of accident or some unusual circumstance, such a person, being normally unable to maintain himself, is supported by the public, manifestly that is something of an entirely different character than where a self-supporting citizen who has sustained an injury or suffered an attack of typhoid or for some other reason for the time being requires aid and receives a like amount of aid. In cases such as the case at bar, therefore, the inquiry should be directed to the status of the person aided.

Sub. (4) cannot be applied as a mere rule of thumb, disregarding all considerations except the one of aid furnished. It was such considerations that moved the court in *Town of Saukville v. Town of Grafton,* 68 Wis. 192, 31 N. W. 719, to hold that Ebert, although he had received no aid from the public treasury for four years, nevertheless remained a pauper, having in the interval been supported by one Dengel. Applying the fundamental principle involved in that case to the facts in the case at bar, we find that the Vanderhei family constitutes a marginal case. The trial court found that at all times they were poor and indigent within the meaning of

those terms as used in ch. 49. The town of Rolling was obliged to furnish the means of support to the Vanderhei family not because of any accident or untoward circumstance, but because at the time it was furnished, as on many previous occasions, the family had fallen below the level of subsistence. They had the status of a pauper. The aid that was furnished to them in the year 1931 by the Community Welfare Association was furnished to them as such and because they were known to be persons having that status. If the Vanderhei family was in need of nothing but temporary relief as distinguished from support as a pauper, that relief should have been furnished by the town of Rolling, but Vanderhei applied for relief to the authorities who had theretofore furnished him relief. It is considered, therefore, that under the circumstances of this case Vanderhei and his family never lost the status of paupers, never became self-supporting, and that within a year after they removed to the town of Rolling they received support as paupers and for that reason acquired no legal settlement in the town of Rolling.

In cases of this kind we are not helped very much by definitions found in the dictionaries either of law or literature. In this as in all other cases of statutory construction, the legislative intent when once discovered is the controlling feature in determining how the statute should be applied in a particular case. We are well aware that under the reasoning adopted herein there will be cases difficult of decision, but that affords no excuse for adopting a mere rule of thumb which defeats the purpose of the statute and imposes liability upon a municipality in violation of ordinary equitable considerations and the clearly expressed intent of the legislature. No useful purpose will be served by analyzing the various cases cited to our attention. We have examined them, and while there may be expressions in the opinions somewhat inconsistent with the statements made herein, when the cases

are analyzed our conclusion will be found to be in accord with the weight of authority. While it may in some cases be material, the circumstance that the aid was furnished by a voluntary organization is not controlling. The question is not where the support came from, but on what ground and under what circumstances it was furnished. See *Coffeen v. Preble*, 142 Wis. 183, 125 N. W. 954; *Green Lake County v. Leon*, 190 Wis. 166, 208 N. W. 943.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment for the plaintiff.