Waushara County, Appellant, vs. Green Lake County and another, Respondents.

*October 6—November 4, 1941.*

For the appellant there was a brief by *Samuel Bluthe,* district attorney of Waushara county, and *Lehner & Lehner* of Princeton of counsel, and oral argument by *Mr. Philip Lehner* and *Mr. Bluthe.*

*J. L. McMonigal,* district attorney of Green Lake county, and *K. J. Callahan* of Montello, attorney for the town of Seneca, for the respondents.

MARTIN, J.   The plaintiff, appellant herein, appeals from an order of the division of public assistance of the state department of public welfare dismissing the above action.   The facts are not in dispute.   The division of public assistance found that Semple (the alleged pauper) took up residence in the town of Seneca, Green Lake county, on December 1, 1934; that he stood in need of relief and received support as a pauper on November 23, 1935, and thereafter; and that he did not acquire a legal settlement in the town of Seneca, Green Lake county.   Appellant contends that the facts do not establish a pauper status as a matter of law.

The facts in brief show: That Lavern Semple and family moved to a farm in the town of Seneca, Green Lake county, on December 1, 1934.   He lived in Oshkosh from October, 1931, to November, 1932, and received relief.   He then moved to New London, and later returned to Oshkosh sometime in 1933, and received relief from the city of Oshkosh until March, 1934.   He moved to the town of Algoma on March 4, 1934, and remained there until he moved to the town of Seneca, Green Lake county, on December 1, 1934.   While he resided in the town of Algoma he received relief.   On December 1, 1934, Semple rented a farm from one Abel in the town of Seneca for an agreed cash rental of $400 per year, payable in monthly instalments of $33.33, which he was to

pay out of his monthly milk check. His livestock and personal property were heavily mortgaged. His wife was suffering from heart trouble and there was an infant child to provide for. He owed doctor bills. The total amount of his indebtedness does not appear. He applied to the director of public relief in Green Lake county on November 23, 1935, and received relief consisting of $4.71 worth of groceries and $1.11 worth of meat. On December 5, 1935, he received relief consisting of $4.54 worth of groceries, $.50 worth of meat, and clothing in the sum of $6.13. When he applied to the director of public relief he also applied to the Rural Resettlement Administration for aid, and on January 4, 1936, he received a subsistence grant of $25. In February he received a further grant of $20, and thereafter received aid from the Rural Resettlement Administration until he left the farm in the town of Seneca and moved to the town of Leon, Waushara county, on April 1, 1936; and thereafter he received grants from the Rural Resettlement Administration. These were outright grants, that is, not given under a loan agreement or a work agreement.

It appears that Semple's milk check for the month of October, 1935, was held up by one of his creditors. He gives this as the reason for his applying for relief on November 23, 1935. Standing alone, the grant of $5.82, under temporary emergency circumstances, would not create a pauper status. *Rolling v. Antigo*, 211 Wis. 220, 248 N. W. 119; *Port Washington v. Saukville*, 62 Wis. 454, 22 N. W. 717; *Holland v. Belgium*, 66 Wis. 557, 29 N. W. 558. But the grant of $5.82 on November 23, 1935, is only a part of the background in the instant case. Semple was a pauper and received substantial grants of relief and support prior and subsequent to said date.

The questions involved in this appeal, that is, as to the date on which Semple took up his residence in the town of Seneca, Green Lake county, and as to whether he stood in need of relief and received support as a pauper on November 23, 1935, and

.thereafter, were questions of fact. *Holland v. Cedar Grove,* 230 Wis. 177, 185, 282 N. W. 111, 282 N. W. 448, and cases cited. That Semple did not acquire a legal settlement in the town of Seneca, Green Lake county, follows as a conclusion of law.

Under sec. 49.03 (8a) (d), Stats., the findings of the division of public assistance of the state department of public welfare are conclusive, in the absence of fraud. There is no fraud claimed in the procurement of the findings in the instant case. It follows that the judgment must be affirmed.

*By the Court.*—Judgment affirmed.