OUTAGAMIE COUNTY, Respondent, vs. VILLAGE OF IOLA, Appellant.

*February 12—March 10, 1942.*

*Wendell McHenry* of Waupaca, for the appellant.
*Oscar J. Schmiege,* district attorney, for the respondent.

WICKHEM, J. This was an action under sec. 49.03 (8a), Stats., to recover the sum of $191.90 for relief furnished Merlin Meunier during the period from December, 1936, to December, 1938, inclusive, it being the theory of the plaintiff, Outagamie county, that during this period Meunier had a legal settlement in the village of Iola, Waupaca county. Sec. 49.03 (8a) commits the prosecution of such claims exclusively to the industrial commission. However, without amending the text of sec. 49.03 (8a), the legislature, by ch. 435, Laws of 1939, has transferred the functions of the industrial commission under the section to the state department of public welfare. See secs. 58.36 (6) and 58.37 (1). The action was tried to the department of public welfare upon a stipulation of facts.

The material facts are as follows: Meunier's mother moved from Iola to the city of Seymour, Outagamie county, on October 18, 1933. On April 6, 1934, she applied for relief in Outagamie county for herself and three minor children, one of whom was Merlin Meunier. From April 6, 1934, to July 7, 1936, relief was granted to Mrs. Meunier in the sum

of $333.41, this amount being repaid to the city of Seymour by the village of Iola. On January 8, 1936, Mrs. Meunier applied to, and as of March 1, 1936, was placed on the pension roll of Outagamie county, with a grant of $15 per month which, in July, 1937, was raised to $20 per month. Merlin Meunier married on June 8, 1935, and he and his wife continued to live with his mother until November, 1939. From June, 1935, until November of the same year, Meunier was employed in the canning factory in Seymour. During January or February, 1936, he had some employment on a PWA project in Seymour, and during February and March of 1936 had partial employment at a canning factory. From June until November, 1936, he again had employment at the canning factory. His first application for relief was on December 19, 1936, and at that time he was twenty-two years four months and fifteen days of age. He was at that time married and had one son who was a year and a half old. In his application for relief he stated that he was living with his mother, and under the item of "remarks" stated, "I always received aid with my mother who I always lived with and I am still living with her and I am married." Upon these facts it was the conclusion of the department of public welfare that Merlin Meunier never gained a legal settlement in the city of Seymour or lost the one he had in the village of Iola. The reasons for this conclusion were that prior to the age of twenty-one he had the status of a pauper, having lived with and received relief as a part of his mother's family; that during the period after he arrived at majority he continued to live at home, and to receive the relief granted to his mother, and that while he had earnings of some $285 from June, 1935, to December, 1936, this was not enough to support himself, his wife, and his child during this period. Defendant contends that there is no foundation for the conclusion that Merlin was a pauper by virtue of aid given to his mother. This contention is based upon the fact that during

the period in question Mrs. Meunier only received relief to the extent of $210.06. It is urged that the only fair inference from this is that Mrs. Meunier received only partial relief and that the balance of her maintenance and support came from contributions made by her son and daughters. On the other hand, it is to be noted that the amount received by Meunier himself was not enough to support himself and his wife and child, and we think it a reasonable inference that no member of this family unit was economically independent, and that it was necessary in order to eke out the small sums earned by its members to seek public relief which went for the benefit of all of the members of the unit. Thus, Meunier came to the age of twenty-one as a member of a family of persons none of whom were self-supporting and all of whom required public assistance. This situation continued throughout the year during which Meunier would otherwise have acquired a new legal settlement.

The department of public welfare was fairly entitled to conclude that during the period following his attainment of majority Meunier was being supported as a pauper and did not acquire a legal settlement in the city of Seymour. The findings of fact are supported by the evidence. Sec. 49.02 (4), Stats., reads:

"*Legal settlements.* (4) Every person of full age who shall have resided in any town, village or city in this state one whole year shall thereby gain a settlement therein; *but no residence of a person in any town, village or city while supported therein as a pauper . . . shall operate to give such person a settlement therein.*"

The findings bring Meunier within the exception of the statute and within the following description by the court in *Rolling v. Antigo*, 211 Wis. 220, 223, 248 N. W. 119:

"On the other hand, there are in every community persons who exemplify the biblical adage, 'For ye have the poor with you always,' who are now above and now below the level.

of subsistence, that is, their status. They are never perhaps wholly dependent and never wholly self-supporting. If in the natural course of events, not as a result of accident or some unusual circumstance, such a person, being normally unable to maintain himself, is supported by the public, manifestly that is something of an entirely different character than where a self-supporting citizen who has sustained an injury or suffered an attack of typhoid or for some other reason for the time being requires aid and receives a like amount of aid."

*By the Court.*—Judgment affirmed.