Milwaukee County, Respondent, vs. Village of Stratford and another, Appellants.

*September 11—October 10, 1944.*

506

*E. P. Gorman* of Wausaw, attorney for the village of Stratford, and *Frank G. Loeffler,* district attorney of Marathon county, for the appellants.

For the respondent there was a brief by *James J. Kerwin,* district attorney of Milwaukee county, *O. L. O'Boyle,* corporation counsel, and *F. C. T. John,* assistant corporation counsel, and oral argument by *Mr. John.*

FOWLER, J.   The proceeding is by Milwaukee county to recover from Marathon county for relief furnished by the former to a poor person having a legal settlement in the village of Stratford in Marathon county.

The action is purely statutory and, if the facts of the case bring the plaintiff within the terms of the statute, the county is entitled to recover.   The statutes most directly involved are:

Sec. 49.04, Stats., which imposes on counties the furnishing of relief to poor persons therein who have no legal settlement therein.

Sec. 49.03 (2), Stats., which provides that where the poor person relieved has a legal settlement in a county other than that furnishing the relief, the expense of the relief shall be a charge against the latter county and the latter may recover from the former by complying with required conditions.

Sec. 49.03 (3) (a), Stats., which provides that when a county furnishes aid to poor persons not having a legal settlement therein, in order to recover from the county of legal settlement, the county clerk must within ten days after furnishing the relief file with the county clerk of the county of the person's legal settlement a notice.

Sec. 49.03 (3) (f), Stats., provides that the notice so filed shall be in writing and state the name of the county furnishing the relief, the name of the person and the members of his household receiving public aid, the name of the governmental unit where such person has a legal settlement, and the

date on which the aid was furnished, together with a copy of the sworn statement of the recipient of the relief.

Sec. 49.03 (3) (h), Stats., which provides that if the clerk of the town, city, or village of the legal settlement of the recipient of the aid shall not within twenty days from the receipt of the notice of the furnishing of the aid file a denial that the person has a legal settlement as stated in the notice as being that of the recipient's legal settlement, the county of the legal settlement shall be liable for the expense of the aid furnished until such denial is filed with the clerk of the county furnishing the aid.

It is undisputed that Milwaukee county furnished aid to Anton Zodrow and his family; that Zodrow when the aid was furnished had a legal settlement in the village of Stratford, Marathon county, and at the time of coming to Milwaukee county had never received aid as a poor person; that Milwaukee county furnished aid to Zodrow at intervals from February, 1928, to June, 1939; that the county clerk of Milwaukee county filed a timely notice with the county clerk of Marathon county conforming in all respects to par. (f) above stated; that no denial that the legal settlement of the recipient of the aid was received by the clerk of Milwaukee county until December, 1939; that a claim of Milwaukee county for the relief furnished in February, 1928, was presented by Milwaukee county and paid by Marathon county; that no further claim was ever presented by Milwaukee county to Marathon county until December, 1939, when a bill for aid aggregating $3,921.95 was presented.

From the statutes cited and the facts above stated it would appear that for want of a denial of the legal settlement of the recipient of the aid in Marathon county that county became liable for the aid furnished by Milwaukee county.

Several grounds of nonliability are made, which will be considered *seriatim*.

(1) The affidavit of the recipient of the relief, inclosed with the notice filed by the plaintiff with the county clerk of Marathon county in 1928 that the statute required him to file on applying for relief, stated that "the relief necessary" was "temporary aid account of injury to arm." It is claimed that this notice covered only such relief as was furnished during recovery of the arm; and that to recover for aid furnished him as a pauper or poor person after recovery of the arm a new notice laying a necessity for aid after termination of the temporary disability resulting from the arm injury had to be given as a basis of recovery.

It is to be noted that by sec. 49.03 (1), Stats., the same notice is required whether the recipient of the aid "shall be taken sick, lame or otherwise disabled," which condition may be temporary only, "or from any other cause shall be in need of relief as a poor person." The person claiming aid under sub. (1) as condition of receiving relief has to "make a sworn statement setting forth the facts relating to his legal settlement." Neither this statement nor the notice required by par. (f) of sub. (3) need state whether the relief will be furnished temporarily or continuously. It implies that relief will be furnished as long as from whatever cause need therefor shall exist. The one notice therefore covers both temporary and continuous relief. The court cannot require a notice in addition to the only notice required by the statute.

(2) It is claimed that by inserting in the notice the statement that the need for the aid furnished was caused by a temporary arm disability which would presumptively soon cease to exist, and that by furnishing relief continuously without filing further claims as they accrued, the plaintiff, by its laches in presenting its claims led the defendants to believe that no further aid was being furnished and prevented the defendants from requiring Zodrow to remove back to the village, as either might do under sub. (9) of sec. 49.03, Stats.,

where the cost of relief would be much less than in Milwaukee county and from making such investigation as would have resulted in such removal, and is thereby estopped from recovery. But estoppel is an equitable doctrine and as stated in *Holland v. Cedar Grove,* 230 Wis. 177, 188, 189, 282 N. W. 111, 282 N. W. 448: "There are no equities between municipalities in respect to caring for and supporting paupers. The whole matter being purely and strictly statutory, there is no liability, where a statute imposes none."

(3) The defendants claim that they are not liable for the relief involved because Zodrow acquired a legal settlement in Milwaukee county by residence therein for a year without receiving relief as a pauper. The governing statute here is sec. 49.02 (4), Stats., which so far as here material reads:

"(4) Every person of full age who shall have resided in any town, village or city in this state one whole year shall thereby gain a settlement therein; but no residence of a person in any town, village or city while supported therein as a pauper . . . shall operate to give such person a settlement therein."

Zodrow moved to Milwaukee April 22, 1927. Relief was furnished Zodrow by the plaintiff up to April, 1928, in the amount of $48.02 and the plaintiff was reimbursed therefor by Marathon county. The claim that when the relief was furnished the recipient was not a pauper is based on the undisputed facts that before moving to Milwaukee county he had never received any public relief; prior to that time he had been in gainful employment at a wage sufficient to support him and his family; that on removing to Milwaukee he obtained work and received a wage of $37 per week in 1928; and a yearly wage of about $1,524.90 during the year 1929. A person receiving this amount of wages, the defendants claim, is not a pauper. The plaintiff claims that despite these facts the recipient of the relief was a pauper within the purview of

the statute because of the relief furnished by the county and because besides the relief furnished by the county during his first year of residence he received aid from St. Vincent de Paul Society, a charitable organization, to the amount of $54.88, and that the latter should be taken into consideration in determining whether he was a pauper within the meaning of the statute, as should the fact that immediately and continuously after he was furnished the relief in 1928, relief was furnished to him.

The only specific finding of fact of the welfare board relating to the fact of the recipient being a pauper during his first year of residence in Milwaukee county is that "during January and February, 1928, and at all times material to these proceedings the Zodrow family was without funds, credits or assets to supply themselves with all the things which they needed." This finding may not be interfered with under the conditions here present unless "unsupported by substantial evidence in view of the entire record as submitted." Sec. 227.20 (1) (d), Stats.

When Zodrow moved to Milwaukee his family consisted of himself, his wife, and eight children, the oldest of whom was twelve years old. The St. Vincent de Paul Society, besides furnishing the relief above mentioned, furnished groceries to the family in May, June, November, and December, 1928, to the amount of $38.84. In 1929 it furnished groceries during every month of the year except February, March, and April, and from June on furnished them regularly at $6.75 per week, to the total amount of $241.81, and in addition paid debts of Zodrow to the amount of $119.65. A physician in 1929, as charity, furnished twenty items of professional services to Mr. Zodrow, and during 1930 furnished him with thirty items of such service; and to Mrs. Zodrow during 1930 so furnished fifteen items of such service. In June, 1930, the juvenile court of Milwaukee county fixed the family budget of Zodrow at $154.39 a month. In Sep-

tember, 1931, pensions were allowed to Zodrow and his wife at $110 a month. These continued for most of the time from 1931 to 1939, inclusive, at from $88 to $114 per month. They amounted to $1,238 in 1932. In 1929 the county furnished two items of fuel to Zodrow; in 1930 it furnished some items of provisions, clothing, rent, and fuel during each month in amounts from $9 to $45 per month; and this continued during each month and through to 1939, inclusive, in amounts ranging from $17 to $105 per month.

It is held in *Waushara County v. Green Lake County*, 238 Wis. 608, 300 N. W. 770, and *Rolling v. Antigo*, 211 Wis. 220, 248 N. W. 119, that the background of the recipient and his immediately subsequent condition may both be considered in considering his status as a pauper during the year of residence involved in acquiring a new legal settlement. The defendants claim that the amount of relief furnished within the first year of residence in Milwaukee county is insufficient in amount to render Zodrow a pauper within that year, and cite two cases in support. The first, *Port Washington v. Saukville*, 62 Wis. 454, 22 N. W. 717, a family of eight persons, who had never asked for relief, before and for a year after the furnishing of $1.67 worth of groceries by the authorities in case of sickness, were wholly self-supporting, the court held that they were not paupers within the statute so as to preclude them from acquiring a new settlement in a year's residence, although designated in the opinion as poor persons. The case could be distinguished on the ground that the evidence did not show that the recipient did not have items of property or credit by use of which the items furnished might have been procured. The supplies furnished in the instant case within the year in the amount of $48 by the county and $54.88 by the St. Vincent de Paul Society is a far reach from $1.67, and the finding of the welfare board here is that Zodrow had no property, credit, or assets by means of which he could procure the aid furnished during the year.

Receipt of public aid to the amount of $34.01 within a year of residence was held in *Rolling v. Antigo, supra,* sufficient to prevent the recipient from acquiring a new legal settlement. In *Waushara County v. Green Lake County, supra,* we held that the receipt of public relief to the amount of $5.81, occasioned by a garnishment of funds due, constituted pauper support, but this conclusion was based on the fact that the recipient had a background of pauperism, and that he manifestly was a pauper during the year immediately subsequent to the receipt of the relief. In the instant case the recipient had no background of pauperism prior to removal to Milwaukee county, but relief furnished by charitable organizations as well as relief furnished by municipalities may be considered in determining whether one is a pauper within the governing statute. *Rolling Case, supra.* And the relief first furnished by the St. Vincent de Paul Society was furnished before the recipient of the aid received the arm injury which he gave in his affidavit accompanying his application for relief as a temporary disability occasioning his application. The amount contributed by the St. Vincent de Paul Society prior to the time of Zodrow's application for relief here involved consisted of thirteen items of groceries, aggregating in value $54.88, and aid continued to be furnished by that society during every month from November, 1927, to and including February, 1928.

From some of our decisions it appears that relief made necessary by mere temporary conditions due to accident or sickness do not constitute grounds for denial of acquisition of a new legal settlement. *Holland v. Belgium,* 66 Wis. 557, 29 N. W. 558, where the town furnishing relief was attempting to shift the responsibility to support to the other. Zodrow's disability from the arm injury was for three weeks only. The disability thereby caused had terminated before any relief was furnished by the county. As above stated, part of the relief furnished by the St. Vincent de Paul Society

was furnished before the injury, and part was furnished after recovery of the arm and during the first year of residence in Milwaukee county. While Zodrow gave his arm injury as the occasion for his application for relief, the board might properly conclude that this was not the ground of the granting of the first public relief, or the relief furnished by the St. Vincent de Paul Society.

Upon all the facts above stated we are of opinion that the welfare board was justified in determining and the trial court properly affirmed the determination that Zodrow became and was supported as a pauper within the purview of sec. 49.02 (4), Stats., within a year from the time he moved to Milwaukee county and that his legal settlement therefore remained in the village of Stratford.

The parties join at the head of their briefs in a statement of the questions for decision herein which are in substance :

(1) "Was the second notice by Milwaukee county necessary as basis for recovery for the items of relief here in suit in view of the statement in the notice given that the occasion of the application was 'on account of injury to arm?'"

(2) "Was the aid furnished Zodrow while he was temporarily disabled 'on account of injury to arm' sufficient to give him a status as a pauper within the meaning of ch. 49 and prevent him from gaining a *residence* in Milwaukee county at the expiration of a year's residence therein?"

This last question implies that aid was furnished to Zodrow while he was temporarily disabled by his arm. There is no evidence that any aid was furnished him while he was so disabled. His temporary disability from that cause lasted three weeks from December 5, 1927. The first aid furnished him was furnished on January 27, 1928. We take it that the meaning of counsel is—Was the statement in the notice given by Milwaukee county that the "occasion" of Zodrow's application for relief was "on account of injury to arm" sufficient to give him the status stated in question (2) framed by counsel, and we treat it as so meaning.

We also call attention to the use of the word "residence" italicized in the statement of question (2). Obviously the term "legal settlement" was meant and we interpret it as so meaning.

Treating the two questions as meaning as next above stated, both questions were correctly decided by the trial court in the affirmative. As no other questions are raised the judgment of the circuit court must be affirmed.

*By the Court.*—The judgment of the circuit court is affirmed.