TOWN OF MAZOMANIE, Appellant, vs. VILLAGE OF MAZOMANIE and another, Respondents.

*March 23—April 12, 1949.*

598

For the appellant there was a brief by *Darrell MacIntyre,* attorney, and *Howard A. Morse* and *G. B. Husting* of counsel, all of Madison, and oral argument by *Mr. Morse* and *Mr. Husting.*

For the respondents there was a brief by *Maloney & Wheeler* of Madison, and oral argument by *Norris E. Maloney.*

HUGHES, J. The sole question presented upon this appeal is where Inez Morrow had legal settlement at the time the relief was furnished.

From the date of birth in 1912 until November, 1937, her legal settlement was admittedly in the town. In November, 1937, Inez moved with her sister and brother-in-law to the village. On December 27, 1937, she was admitted to the Dane county tuberculosis sanatorium where she received treatment at county and state expense until July 18, 1939.

From July 18, 1939, to March 31, 1941, Inez resided with her sister and brother-in-law in the village. During this period she received outpatient treatment at county and state expense. Private, noncharity patients paid $10 to $20 a month for similar treatment. Although bedridden approximately two thirds of this time, she was able to do a small amount of light housework.

On March 31, 1941, Inez was readmitted to the county tuberculosis sanatorium and received treatment at county and state expense until her discharge on February 16, 1945.

From the time Inez first entered the sanatorium on December 27, 1937, until her discharge on February 16, 1945, she had no personal resources nor income.

Upon her discharge from the sanatorium in February, 1945, Inez returned to the home of her sister and brother-in-law in the village of Mazomanie. Five weeks later she applied for and began receiving from the village the relief which is the subject of this litigation.

Appellant contends that one does not become a "pauper" in the legal sense by accepting tuberculosis treatment. This question was determined adversely to appellant's contention in *Milwaukee County v. Oconto County* (1940), 235 Wis. 601, 294 N.W. 11. The question of whether the patient is a pauper is to be determined from all of the circumstances of the patient before and after, as well as at, the time of treatment. Upon the record as above recited it appears to have been a question of fact to be determined by the department. *Rolling v. Antigo* (1933), 211 Wis. 220, 248 N. W. 119. The evidence was ample to support the finding of the department that Inez Morrow was a pauper at the time of receiving treatment both within the sanatorium and as an outpatient.

Appellant further contends that because the department in its findings of fact stated, "that Inez Morrow had an indigency (pauper) status from December 27, 1937, to February 16, 1945, and thereafter during the period of relief herein sued for," there is such inconsistency as to rob the finding of finality.

It is probably true that technically anyone without means is indigent and only those who accept public relief because they are indigent become paupers in the legal sense. There is, however, no ambiguity in the record of the proceedings before the department. The use of the term "indigent" instead of "pauper" was an apparent effort to soften the sound of the order.

*By the Court.*—Judgment affirmed.